UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 17 - MJ -02949- GARBER

UNITED STATES OF AMERICA

v.

BERTHA BLANCO,

      Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

      Respectfully submitted,

      BENJAMIN G. GREENBERG
      ACTING UNITED STATES ATTORNEY

BY: _____
      David A. Snider
      Florida Special Bar No. A5502260
      Trial Attorney
      United States Department of Justice
      Criminal Division, Fraud Section
      1400 New York Avenue NW
      Washington, DC 20005
      Tel: (202) 794-4976
      Email: david.snider@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>BERTHA BLANCO<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  17-MJ-02449-GARBER<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____June 2015_____ in the county of _____Miami-Dade_____ in the
_____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 666 | Theft or bribery concerning programs receiving Federal funds |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ricardo Carcas, Special Agent, HHS-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/11/2017

_____
*Judge's signature*

City and state: Miami, Florida

The Honorable Barry L. Garber
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 17-MJ- 02949- 6Ae~~se~

UNITED STATES OF AMERICA

v.

BERTHA BLANCO,

       Defendant.

_____/

FILED UNDER SEAL

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Ricardo Carcas, being duly sworn, deposes and says:

**A.   Identity and Experience of the Affiant**

1.  I am a Special Agent with the U.S. Department of Health and Human Services, Office of the Inspector General ("HHS-OIG"), and am currently assigned to the Miami Office. I have been employed in this capacity since July 2015. Prior to becoming a Special Agent with HHS-OIG, I worked at the Center for Program Integrity at the Centers for Medicare and Medicaid Services, where I investigated Medicare Fraud. I am presently assigned to investigate a wide variety of health care fraud matters, including schemes to defraud the Medicare and Medicaid Programs. I have experience investigating violations of United States federal law, including but not limited to, Title 18, United States Code, Section 1347 (Health Care Fraud) and Title 18, United States Code, Section 1349 (Conspiracy to Commit Health Care Fraud).

2. This Affidavit is written in support of a criminal complaint charging BERTHA BLANCO ("BLANCO") with theft or bribery concerning programs receiving federal funds, in violation of Title 18, United States Code, Section 666.

3. The statements in this affidavit are based upon information provided to HHS-OIG and the Federal Bureau of Investigation by witnesses, including cooperating witnesses, public source and government records, bank records and my experience and background as an HHS-OIG Special Agent. This Affidavit does not contain all of the facts of this investigation that I am aware of, but only those necessary to establish probable cause.

**B.   The Health Care Insurance Programs**

4. The Medicare Program ("Medicare") is a federal health care program providing benefits to persons who are 65 and older or disabled. Medicare is administered by the United States Department of Health and Human Services through its agency, the Centers for Medicare & Medicaid Services ("CMS").

5. The Florida Medicaid Program ("Medicaid") provides benefits to certain low-income individuals and families in Florida. Medicaid is administered by CMS and the Agency for Health Care Administration ("AHCA").

6. In Florida, a skilled nursing facility or "SNF" is a facility licensed by AHCA that provides skilled nursing and rehabilitation care for a benefit period (*i.e.*, spell of illness) for eligible patients following a qualifying hospital stay of at least three consecutive days. Medicare covers up to 100 days of care in a SNF.

7. In Florida, an "Assisted Living Facility" or "ALF" is a facility licensed by AHCA that provides housing, meals, and one or more personal services for a period

exceeding 24 hours to one or more adults who were not relatives of the owner or administrator. Medicaid covers a portion of certain costs associated with ALF stays.

C. **The Agency for Health Care Administration**

8. In Florida, AHCA is responsible for administering the Medicaid program, and is tasked with regulating and licensing health care facilities in Florida, SNFs and ALFs. AHCA is funded by both the state and federal governments. AHCA receives well in excess of $10,000 each year from the federal government.

9. AHCA's Division of Health Quality Assurance investigates patient complaints and conducts unannounced inspections of a wide range of health care facilities in the state of Florida, including ALFs and SNFs. In connection with these duties, AHCA surveyors enter and inspect health care facilities to review clinical records, interview patients, and interview staff, among other things, to ensure that the providers are complying with applicable state and federal statutes in a manner that protects the health and safety of the patients.

10. If AHCA surveyors identify deficiencies or fraud during their inspections, they can fine or, ultimately, revoke the operating license of the facility. The surveyors also notify the Florida Medicaid Fraud Control Unit at the Florida Attorney General's Office if they observe evidence of fraud.

D. **BLANCO and Her Criminal Conduct**

11. During the course of this investigation, agents confirmed with representatives of AHCA that BLANCO was employed at AHCA since at least 1987. Since April of 2008, she was employed as a Regulatory Specialist II. Her position required her to manage sensitive AHCA documents. She had access to AHCA's

3

document management systems and was responsible for tracking survey schedules and for monitoring patient complaints.

12. Your affiant has been part of an investigative team that has been investigating Philip Esformes and others for committing various health care related offenses. Philip Esformes and two co-conspirators were charged with committing several crimes, including Conspiracy to Commit Health Care Fraud, in an indictment that was unsealed on July 22, 2016 (16-cr-20549-LENARD).

13. In connection with the investigation into Philip Esformes, agents interviewed a number of individuals who informed the government that they (and others) routinely paid cash bribes to BLANCO in exchange for sensitive, nonpublic AHCA reports and information, including patient complaints and the unannounced inspection schedules of AHCA surveyors. This information was ultimately used by the purchasers, some of whom were SNF or ALF owners, to fabricate and falsify medical paperwork and to temporarily remedy deficiencies so that AHCA would not discover lapses in patient care and revoke the licenses of these facilities. The owners of these SNFs and ALFs then submitted false and fraudulent claims to Medicare and Medicaid for patients named in the complaints and inspection reports sold to them by BLANCO.

14. While there are a number of individuals cooperating with the government's investigation, for the purposes of establishing probable cause, this Affidavit will focus on the statements BLANCO, who admitted to accepting bribes in exchange for providing AHCA information, and statements of five witnesses, including two co-conspirators who have pleaded guilty to conspiring with BLANCO to commit health care fraud in this scheme.

4

### E. Evidence of the Criminal Conduct

**BLANCO's Admissions**

15. BLANCO was interviewed on November 28, 2016 and December 12, 2016 by federal law enforcement agents. During both interviews, BALNCO admitted that she provided confidential, non-public AHCA information to Cooperating Witness 1 ("CW1") and Cooperating Witness 2 ("CW2") in exchange for cash bribes. The information included, among other things, schedules of unannounced inspections by AHCA of ALFs owned by CW1 and others. BLANCO admitted that she provided AHCA information directly to CW1 on more than 10 occasions and that the least amount that BLANCO was paid by CW1 was $200.

16. BLANCO admitted that she would provide CW1 the AHCA information over the phone, via text, and would also give her paper documents as well. BLANCO admitted that most of the information that BLANCO would provide CW1 was communicated verbally, and BLANCO stated CW1 would call BLANCO in anticipation to find out when the inspections of his/her ALF's were going to take place. CW1 would call BLANCO's personal cell after work to ask for the AHCA information. BLANCO on numerous occasions would take documents from AHCA home to read off the information to CW1. BLANCO admitted that she would then destroy the AHCA documents in her home or shred them the next day at work. BLANCO also met up with CW1 approximately 5 or 6 times to deliver AHCA documents to CW1 in person. BLANCO said that they would meet up at the McDonald's on NW 58th Street and 79th Avenue in Doral, Florida. In addition, on multiple occasions, BLANCO had her son deliver documents to CW1.

17. BLANCO admitted that CW1 would also call BLANCO to ask for AHCA information for ALFs and SNFs owned by other individuals, and that BLANCO would provide the requested information and documents in exchange for cash bribes. BLANCO described CW1 as a middle man for the other facilities and that CW1 would set the price for the information.

18. During the interview on November 28, 2016, BLANCO was presented with copies of AHCA documents that consisted of an inspection calendar schedule and complaints. BLANCO signed these documents, indicating that she provided those documents to CW1 in exchange for cash. BLANCO admitted that the documents she gave to CW1 included schedules of inspections and complaint documents for certain ALFs and SNFs.

**Cooperating Witness 1**

19. CW1 owns seven ALFs in or around Miami, Florida. CW1 has met with law enforcement and explained that he/she met BLANCO several years ago and, since that meeting, has purchased numerous AHCA patient complaints and inspection schedules from BLANCO relating to the facilities CW1 owns. CW1 further advised law enforcement that BLANCO would call CW1 on the telephone after she obtained a patient complaint or inspection schedule for one of CW1's facilities. CW1 would then meet BLANCO at a McDonald's in the Southern District of Florida, where CW1 would pay BLANCO a bribe of $300 in exchange for each piece of non-public AHCA information.

20. CW1 also purchased confidential, non-public information from BLANCO on behalf of other ALF owners. CW1 told agents that he/she paid BLANCO a bribe of

$300 in exchange for each piece of information relating to facilities owned by at least five other ALF owners.

21.   CW1 pleaded guilty to one count of conspiracy to defraud the United States and to commit health care fraud, in violation of 18 U.S.C. § 371, for his/her role in the scheme. In connection with that guilty plea, CW1 has entered into a plea agreement with the government and signed a factual basis admitting to conspiring to commit health care fraud through purchasing AHCA information from BLANCO and selling it to Cooperating Witness 3 ("CW3") and Cooperating Witness 4 ("CW4"), who she believed were employees of Philip Esformes, who owns several ALFs and SNFs in Miami, Florida.

22.   CW1 has informed law enforcement that he/she routinely received a bribe of $3,000 from CW3 and CW4 for each unannounced AHCA inspection schedule CW1 obtained from BLANCO, and CW1 used some of the $3,000 to purchase the confidential and non-public AHCA information from BLANCO, while keeping the rest.

**Cooperating Witness 2**

23.   CW2 is CW1's son/daughter in-law, and in interviews with law enforcement, CW2 has corroborated the information that CW1 provided to law enforcement. Specifically, CW2 told agents that CW1 would, on occasion, direct CW2 to pay cash to BLANCO's son to illicitly purchase proprietary, non-public AHCA information. CW2 told agents that he/she repeatedly picked up this confidential AHCA information from BLANCO's son and that he knew this information would be provided to CW3. BLANCO's son is not an employee of AHCA and does not have independent access to AHCA materials.

24. CW2 pleaded guilty to one count of conspiracy to defraud the United States and to commit health care fraud, in violation of 18 U.S.C. § 371, for his/her role in the scheme. In connection with that guilty plea, CW2 entered into a plea agreement with the government admitting to conspiring to commit health care fraud by purchasing confidential, non-public AHCA information from BLANCO through her son and selling it to CW4.

**Cooperating Witnesses 3 and 4**

25. CW3 and CW4 were long-time coconspirators of Philip Esformes. Each has pled guilty to committing crimes and both CW3 and CW4 are cooperating with the government. The government filed motions pursuant to 5K.1.1 of the United States Sentencing Guidelines ("USSG") at the sentencings of CW3 and CW4. CW3 was initially sentenced 55 months' imprisonment, and CW4 is currently serving a sentence of 110 months. After the government filed a motion pursuant to Rule 35, CW3's sentenced was reduced to 36 months' imprisonment.

26. CW3 and CW4 have informed law enforcement that they purchased confidential non-public AHCA information from CW1 and CW2. Specifically, CW3 and CW4 paid $200 cash for each patient complaint and $3,000 cash for each AHCA inspection schedule. CW3 then personally provided these documents to Philip Esformes, who used them to address deficiencies at SNFs and ALFs that he owned and controlled. Because CW3, CW4, and Philip Esformes had access to AHCA patient complaints and inspection schedules, the SNFs and ALFs that Philip Esformes owned and controlled were able to receive reimbursements from Medicare and Medicaid for the patients listed

in the complaints and for the facilities subject to inspections. These reimbursements were in amounts far exceeding $5,000.

27. In June of 2015, CW3 and CW4 entered into plea and cooperation agreements with the government, and made a number of recordings. CW4, for example, recorded meetings with CW1 and CW2, during which CW4 purchased AHCA information from CW1 and CW2. On these recordings, CW1 is heard describing CW1's AHCA contact as well as the value of the information he/she was able to obtain. CW1 also advised, on the recording, that CW4 could obtain AHCA information through a man agents have been able to identify as BLANCO's son.

**Cooperating Witness 5**

28. Cooperating Witness 5 ("CW5") further corroborates the information provided to law enforcement by CW1, CW2, CW3, and CW4. CW5 pleaded guilty to Conspiracy to Commit Health Care Fraud and Wire Fraud and is cooperating with the government. At CW5's sentencing, the government filed a motion pursuant to 5K.1.1 of the USSG. CW5 is currently serving a sentence of 36 months' imprisonment.

29. CW5 has informed law enforcement that he/she met a woman named "Bertha," last name unknown, at CW1's house. CW5 learned from CW1 that CW1 obtained confidential, non-public AHCA information, including inspection schedules, from Bertha. CW5 was shown an unmarked photograph of BLANCO maintained in the Florida Driver and Vehicle Information Database, and positively identified the woman as the Bertha he met at CW1's house.

F.  **Conclusion**

30.  Wherefore, based upon the above information, I believe probable cause exists that, in Miami-Dade County, in the Southern District of Florida, BERTHA BLANCO, did commit theft or bribery concerning programs receiving federal funds, in violation of Title 18, United States Code, Section 666.

31.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief this 11 day of July, 2017, in Miami, Florida.

FURTHER AFFIANT SAYETH NAUGHT

RICARDO CARCAS
Special Agent
HHS-OIG


Subscribed and sworn before me this 11 day of July, 2017 in Miami, Florida.

THE HONORABLE BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

10